UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **LOUIS T. JONES, Jr II,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 13-CV-2104 |
| ) | |
| **DIANE L. BEGGS,** ) | |
| ) | |
| **Defendant .** ) | |

**OPINION**

On May 8, 2013, Plaintiff, Louis T. Jones, Jr. II, filed his pro se Complaint (#1) under 42 U.S.C. § 1983 against Defendant Diane L. Beggs. Because this court concludes that Plaintiff's claims are clearly barred by Heck v. Humphrey, 512 U.S. 477 (1994), Plaintiff's pro se Complaint (#1) is dismissed pursuant to 28 U.S.C. § 1915A.

ANALYSIS

In his pro se Complaint, Plaintiff alleged that Defendant Beggs was the police officer who interrogated him and arrested him in August 2004. Plaintiff alleged that her actions were taken without warrant or probable cause. Plaintiff asked for significant damages for mental anguish and pain and suffering.

Plaintiff is no stranger to this court. Plaintiff filed a pro se Complaint raising similar claims on September 23, 2005, in Case No. 05-CV-2217. On February 14, 2006, Senior United States District Judge Harold A. Baker entered an Order dismissing the case. Judge Baker stated that, during the February 1, 2006 merit review conference held in that case, "the plaintiff admitted to the court that he was found guilty of predatory criminal assault and aggravated criminal sexual abuse of a minor." Judge Baker stated that these were the charges

that were brought against him when he was detained in August 2004. Judge Baker then stated that "a suit for damages under § 1983 that challenges an underlying conviction or sentence, or challenges 'actions whose unlawfulness would render a conviction or sentence invalid,' does not accrue until that conviction or sentence has been invalidated," citing Heck, 512 U.S. at 484-87. Judge Baker further stated that the underlying conviction or sentence is invalidated if it is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus," citing Heck, 512 U.S. at 486-87. Judge Baker concluded that Plaintiff was seeking damages on claims that necessarily implied the invalidity of the fact of his incarceration so his claims were barred by Heck.

On August 4, 2008, Plaintiff filed another pro se Complaint in Case No. 08-CV-2183, raising essentially the same claims. This court entered an Order on September 15, 2008, and dismissed the case based on Heck.

On August 9, 2010, Plaintiff filed a pro se Petition for Writ of Habeas Corpus in Case No. 10-CV-3202. On September 13, 2011, Senior United States District Judge Richard Mills entered an Opinion and denied the Petition. Judge Mills succinctly set out the background of Plaintiff's conviction as follows:

> At the conclusion of a 2005 jury trial in the Circuit Court of Macon County, the Petitioner was convicted of predatory criminal sexual assault and aggravated criminal sexual abuse and sentenced to consecutive terms of ten years and three years of imprisonment, respectively.

Judge Mills stated that, on January 23, 2007, the state appellate court affirmed the Petitioner's convictions and sentences but amended his sentencing order to reflect 31 days of credit against his prison sentence for time served prior to sentencing. On May 31, 2007, the Illinois Supreme Court denied his petition for leave to appeal. On February 22, 2007, Plaintiff filed a pro se post-conviction petition in the circuit court of Macon County. On October 8, 2008, the trial court denied the post-conviction petition, and Plaintiff did not appeal the judgment.

Judge Mills concluded that Plaintiff's sole claim in his habeas petition that the state appellate court granted him post-conviction relief was meritless. Judge Mills therefore denied his petition for a writ of habeas corpus and declined to certify his claim for appeal.

Plaintiff filed his pro se Complaint (#1) in this case on May 8, 2013. Plaintiff named Beggs, the police officer who arrested and interrogated him in August 2004 as the only Defendant. The case is now before the court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

Plaintiff's claims against Defendant Beggs necessarily imply the invalidity of the fact of his incarceration. However, Plaintiff's convictions, which resulted from his arrest in 2004, have not been invalidated. Therefore, Plaintiff's claims remain barred by <u>Heck</u>.

Because Plaintiff's Complaint "fails to state a claim upon which relief may be granted," it does not survive review under § 1915A(b)(1) and must be dismissed. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Complaint (#1) is dismissed as barred by <u>Heck</u>. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

(2) This case is terminated.

ENTERED this 10th day of May, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE